

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: December 11, 2013.**

_____
TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE

## IN THE U.S. BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: SCOTT BERSEBACH MCCLURE, | § § § | Case No. 13-10668-tmd |
| Debtor | § | |
| | § | |
| SCOTT BERSEBACH MCCLURE, | § | Chapter 7 |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION and NORTH CAROLINA STATE EDUCATION ASSISTANCE AUTHORITY, | § § § § § § | |
| Defendants | § | Adv. No. 13-01061-tmd |

### AGREED JUDGMENT

As evidenced by their signatures below, the parties have reached an agreement as to the disposition of this adversary proceeding. The Court finds that after this adversary proceeding was initiated, the Plaintiff submitted an application for a total and permanent disability discharge to Defendant Educational Credit Management Corporation ("ECMC"). Based upon this application, ECMC and the North Carolina State Education Assistance Authority

("NCSEAA") have agreed to the conditional discharge of Plaintiff's student loans as set out herein. The Court thus finds that currently, at this time, excepting the subject student loan debts from the Plaintiff's/Debtor's discharge would impose an undue hardship on the Debtor and the Plaintiff's/Debtor's dependents.

It is therefore **ORDERED** that the student loan debts held by ECMC and NCSEAA are conditionally discharged such that the Plaintiff shall no longer be liable to repay such debts, provided that at anytime between now and November 30, 2016: (a) Plaintiff does not have annual employment earnings that exceed the Poverty Guideline amount for a family of two in his state (regardless of his actual family size) and if he does have earnings that exceed the Poverty Guideline, he is to promptly notify ECMC and NCSEAA in writing; (b) upon request from ECMC or NCSEAA, Plaintiff shall provide ECMC or NCSEAA documentation of his annual earnings from employment; (c) Plaintiff is not to apply for or receive any new student loans or grants and shall return any student loan disbursement received after today's date, within 120 days of receipt of such disbursement; and (d) Plaintiff is to notify ECMC and NCSEAA in writing of any change in his Austin, Texas, address or telephone number.

It is further **ORDERED** that should the Plaintiff/ Debtor comply with the above-referenced conditions, then the ECMC and NCSEAA student loan debts shall be deemed dischargeable and fully discharged pursuant to 11 U.S.C. § 523(a)(8) as of December 1, 2016, without further Order of this Court. However, should Plaintiff have annual employment earnings that exceed the

Poverty Guideline amount for a family of two in his state (regardless of his actual family size), or should he fail to comply with any provision of this Order between now and November 30, 2016, then this bankruptcy proceeding shall be reopened no later than December 1, 2016, in accordance with 11 U.S.C. § 350(b) and Bankruptcy Rules 4007(a), (b) and 5010, and this adversary proceeding shall be reopened for the Court to reconsider if excepting such debts from the discharge imposes an undue hardship upon the Plaintiff and the Plaintiff's dependents under 11 U.S.C. § 523(a)(8).

It is further **ORDERED** that all other relief not expressly granted herein is hereby denied.

# # #

**AGREED:**

RAY & WOOD

By: _____
Doug W. Ray
State Bar No. 16599200

2700 Bee Caves Road, Suite 200
Austin, Texas 78746
(512) 328-8877 (Telephone)
(512) 328-1156 (Telecopier)
**Attorney for Defendants
ECMC and NCSEAA**

_____
Scott McClure

8825 Edmundsbury Drive,
Austin, Texas 78747
(512) 750-7404 (Telephone)
**Plaintiff, Pro Se**